UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BRUCE PUTERBAUGH,<br><br>Plaintiff,<br><br>v.<br><br>OORAH, INC., KARS 4 KIDS INC., J.O.Y. OF OUR YOUTH, and DOES 1-10,<br><br>Defendants. | Case No.: SACV 21-01593-CJC (DFMx)<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |

In this case, Plaintiff Bruce Puterbaugh alleges that Defendant Kars 4 Kids Inc. violated California's False Advertising Law ("FAL") and Unfair Competition Law ("UCL") because its advertisements suggest that donations benefit needy children of all faiths nationwide, but really donations benefit primarily Orthodox Jewish children in New York and New Jersey. (Dkt. 14 [First Amended Complaint] ¶¶ 11, 21.)

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A defendant may remove to federal district court a civil action brought in state court over which a federal court may exercise original jurisdiction. 28 U.S.C. § 1441(a). By statute, federal courts have diversity jurisdiction over suits with more than $75,000 in controversy if the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). The removal statute is strictly construed against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Court has concerns about whether it has subject matter jurisdiction over this case and specifically whether there is $75,000 in controversy. Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."). "It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194n.2 (9th Cir. 1988). Although "procedural requirements" related to subject matter jurisdiction "exist primarily for the protection of the parties" and "can be waived," *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003), "[t]he $75,000 amount is a jurisdictional requirement that cannot be waived." *Gabrielian v. Lafayette Life Ins. Co.*, 2014 WL 12573847, at *2 (C.D. Cal. Apr. 18, 2014).

"The amount in controversy is normally determined from the face of the pleadings." *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363–64 (9th Cir. 1986). "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–89 (1938). But a court may dismiss for lack of subject matter jurisdiction if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* A court may make a "legal certainty" determination "when a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement." *Pachinger*, 802 F.2d at 363–64.

"[W]hether remand is proper must be ascertained on the basis of the pleadings at the time of removal." *Broadway Grill, Inc. v. Visa, Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017). At the time of removal, the operative pleading was Plaintiff's Complaint. The Complaint alleged that Plaintiff "decided to donate his 2001 Volvo to KARS4KIDS" based on Defendant's allegedly deceptive advertising. (Dkt. 1 ¶ 7.) In exchange, Plaintiff "received a receipt for $500 to use as a tax deduction." (*Id.* ¶ 9.) Plaintiff asserted claims for (1) breach of fiduciary duty related to solicitations in violation of California Business and Professions Code Section 17510.8, (2) violation of California's False Advertising Law, and (3) violation of California's Unfair Competition Law. (*Id.* ¶¶ 25–39.) As remedies, he sought:

(1) a permanent injunction,

(2) an order directing Defendants to give the Court and the Attorney General an accounting of their financial activities,

(3) damages resulting from Defendants' breach of fiduciary duty "believed to be in excess of $3 million,"

(4) punitive and exemplary damages,

(5) civil penalties under

    (a) Government Code § 12591.1,

      (b) Business and Professions Code § 17206,

      (c) Business and Professions Code § 17536,

      (d) Business and Professions Code § 17206.1, and

      (e) Business and Professions Code § 17203,

(6) Defendants' involuntary dissolution under Corporations Code § 6518,

(7) Defendants' permanent removal under Corporations Code § 5223,

(8) costs of suit, and

(9) compensatory damages.

(*Id.* at 18–19.)

However, Plaintiff could not bring a claim under California Business and Professions Code Section 17510.8 (and indeed, he dropped that claim in his First Amended Complaint). That Section states that there is a fiduciary relationship between a charity and those from whom it solicits charitable contributions, and that a charity's acceptance of a charitable contribution "establishes a charitable trust and a duty on the part of the charity and the person soliciting on behalf of the charity to use those charitable contributions for the declared charitable purposes for which they are sought." Cal. Bus. & Prof. Code § 17510.8. "[A] charitable trust may only be enforced by an action brought by the Attorney General or an authorized relator." *Exec. Comm. Representing Signing Petitioners of Archdiocese of W. U.S. v. Kaplan*, 2004 WL 6084228, at *8 (C.D. Cal. Sept. 17, 2004). Similarly, it appears that only the Attorney General may seek the types of civil penalties Plaintiff sought. *See* Cal. Gov't Code § 12591.1; Cal. Bus. & Prof. Code § 17206; Cal. Bus. & Prof. Code § 17536, Cal. Bus. & Prof. Code § 17206.1; Cal. Bus. & Prof. Code § 17203.

Additionally, "[p]unitive damages are not available under the UCL and FAL." *Brown v. Food for Life Baking Co.*, 658 F. Supp. 3d 732, 743 (N.D. Cal. 2023). Nor are compensatory damages. *K&N Eng'g, Inc. v. Spectre Performance*, No. 2010 WL

11468976, at *9 (C.D. Cal. Feb. 9, 2010). Rather, "[i]t is well-established that claims for relief under the FAL and the UCL are limited to restitution and injunctive relief." *Roffman v. Rebbl, Inc.*, 653 F. Supp. 3d 723, 731 (N.D. Cal. 2023).

The value of restitution in this case is extremely low. Plaintiff seeks restitution of the value of a twenty-year old car that he donated for a $500 tax deduction. (Compl. ¶¶ 7, 9.) The Complaint appears to assert that $3 million in restitution is at issue based on the notion that Plaintiff "brings this action on [his] own behalf, and on behalf of all person(s) who suffered damages as a result of the wrongdoing" alleged. (*Id.* ¶ 2.) But Plaintiff's Complaint contains no allegations supporting class action status, such as a definition of the proposed class or allegations supporting numerosity, commonality, typicality, or adequacy. *See* Cal. Civ. Proc. Code § 382; Fed. R. Civ. P. 23.

It appears to the Court, then, "to a legal certainty that [Plaintiff's] claim is really for less than the jurisdictional amount." *St. Paul Mercury,* 303 U.S. at 288–89; *see Pachinger*, 802 F.2d at 363–64. Accordingly, the parties are **ORDERED TO SHOW CAUSE** in writing by **January 29, 2024** why this case should not be remanded for lack of subject matter jurisdiction. The parties' motions to exclude experts (Dkts. 97, 98) are **DENIED WITHOUT PREJUDICE** to refiling if the Court determines it has jurisdiction over this case. The March 12, 2024 bench trial and February 26, 2024 pretrial conference are also **VACATED** and off calendar. The Court will reschedule the trial and pretrial conference if it determines it has jurisdiction over this case.

DATED: January 10, 2024

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE