**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BRUCE PUTERBAUGH,<br><br>Plaintiff,<br><br>v.<br><br>OORAH, INC., KARS 4 KIDS INC., J.O.Y. OF OUR YOUTH, and DOES 1-10,<br><br>Defendants. | Case No.: SACV 21-01593-CJC (DFMx)<br><br>**ORDER REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiff Bruce Puterbaugh filed this case in state court alleging that Defendant Kars 4 Kids Inc. violated California's False Advertising Law ("FAL") and Unfair Competition Law ("UCL") because its advertisements suggest that donations benefit needy children of all faiths nationwide, but really donations benefit primarily Orthodox Jewish children in New York and New Jersey. (*See* Dkt. 14 [First Amended Complaint] ¶¶ 11, 21.) Defendant removed the case to this Court, arguing that the Court has diversity jurisdiction. (Dkt. 1.)

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A defendant may remove to federal district court a civil action brought in state court over which a federal court may exercise original jurisdiction. 28 U.S.C. § 1441(a). By statute, federal courts have diversity jurisdiction over suits with more than $75,000 in controversy if the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). The removal statute is strictly construed against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."). "It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194n.2 (9th Cir. 1988). Although "procedural requirements" related to subject matter jurisdiction "exist primarily for the protection of the parties" and "can be waived," *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003), "[t]he $75,000 amount is a jurisdictional requirement that cannot be waived." *Gabrielian v. Lafayette Life Ins. Co.*, 2014 WL 12573847, at *2 (C.D. Cal. Apr. 18, 2014).

"The amount in controversy is normally determined from the face of the pleadings." *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363–64 (9th

Cir. 1986). "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–89 (1938). But a court lacks subject matter jurisdiction if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* A court may make a "legal certainty" determination "when a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement." *Pachinger*, 802 F.2d at 363–64.

"[W]hether remand is proper must be ascertained on the basis of the pleadings at the time of removal." *Broadway Grill, Inc. v. Visa, Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017). At the time of removal, the operative pleading in this case was Plaintiff's Complaint. The Complaint alleged that Plaintiff "decided to donate his 2001 Volvo to KARS4KIDS" based on Defendant's allegedly deceptive advertising. (Dkt. 1 ¶ 7.) In exchange, Plaintiff "received a receipt for $500 to use as a tax deduction." (*Id.* ¶ 9.) Plaintiff asserted claims for (1) breach of fiduciary duty related to solicitations in violation of California Business and Professions Code Section 17510.8, (2) violation of California's False Advertising Law, and (3) violation of California's Unfair Competition Law. (*Id.* ¶¶ 25–39.) As remedies, he sought:

(1) a permanent injunction,

(2) an order directing Defendants to give the Court and the Attorney General an accounting of their financial activities,

(3) damages resulting from Defendants' breach of fiduciary duty "believed to be in excess of $3 million,"

(4) punitive and exemplary damages,

(5) civil penalties under

    (a) Government Code § 12591.1,

    (b) Business and Professions Code § 17206,

    (c) Business and Professions Code § 17536,

    (d) Business and Professions Code § 17206.1, and

    (e) Business and Professions Code § 17203,

  (6) Defendants' involuntary dissolution under Corporations Code § 6518,

  (7) Defendants' permanent removal under Corporations Code § 5223,

  (8) costs of suit, and

  (9) compensatory damages.

(*Id.* at 18–19.)

  However, Plaintiff could not bring a claim under California Business and Professions Code Section 17510.8 (and indeed, he dropped that claim in his First Amended Complaint). That Section states that there is a fiduciary relationship between a charity and those from whom it solicits charitable contributions, and that a charity's acceptance of a charitable contribution "establishes a charitable trust and a duty on the part of the charity and the person soliciting on behalf of the charity to use those charitable contributions for the declared charitable purposes for which they are sought." Cal. Bus. & Prof. Code § 17510.8. But "a charitable trust may only be enforced by an action brought by the Attorney General or an authorized relator." *Exec. Comm. Representing Signing Petitioners of Archdiocese of W. U.S. v. Kaplan*, 2004 WL 6084228, at *8 (C.D. Cal. Sept. 17, 2004). Similarly, it appears that only the Attorney General may seek the types of civil penalties Plaintiff sought. *See* Cal. Gov't Code § 12591.1; Cal. Bus. & Prof. Code § 17206; Cal. Bus. & Prof. Code § 17536, Cal. Bus. & Prof. Code § 17206.1; Cal. Bus. & Prof. Code § 17203.

  Additionally, "[p]unitive damages are not available under the UCL and FAL." *Brown v. Food for Life Baking Co.*, 658 F. Supp. 3d 732, 743 (N.D. Cal. 2023). Nor are compensatory damages. *K&N Eng'g, Inc. v. Spectre Performance*, No. 2010 WL 11468976, at *9 (C.D. Cal. Feb. 9, 2010). Rather, "[i]t is well-established that claims for

relief under the FAL and the UCL are limited to restitution and injunctive relief." *Roffman v. Rebbl, Inc.*, 653 F. Supp. 3d 723, 731 (N.D. Cal. 2023).

The value of restitution in this case is extremely low. Plaintiff seeks restitution of the value of a twenty-year old car that he donated for a $500 tax deduction. (Compl. ¶¶ 7, 9.)[1] The Complaint asserts that $3 million in restitution is at issue apparently based on the notion that Plaintiff "brings this action on [his] own behalf, and on behalf of all person(s) who suffered damages as a result of the wrongdoing" alleged. (*Id.* ¶ 2.) But Plaintiff's Complaint contains no allegations supporting class action status, such as a definition of the proposed class or allegations supporting numerosity, commonality, typicality, or adequacy. *See* Cal. Civ. Proc. Code § 382; Fed. R. Civ. P. 23.

Based on this analysis, and the Court's determination that it appeared "to a legal certainty that [Plaintiff's] claim is really for less than the jurisdictional amount," *St. Paul Mercury,* 303 U.S. at 288–89, the Court ordered the parties to show cause in writing by January 29, 2024 why this case should not be remanded for subject matter jurisdiction. (Dkt. 101.) Only Defendant responded to the Court's Order. (Dkts. 103–104.) Defendant does not dispute that the maximum amount Plaintiff can recover in this case is the value of the donated twenty-year-old Volvo. (*See* Dkt. 104.) Indeed, Defendant conceded as much in its answer, in which it asserted that the Court lacks subject matter jurisdiction, stating:

> There being no compensatory or punitive damages, and no monetary damage above the value of a 2001 vehicle, the Court lacks subject matter jurisdiction. The action was removed based on diversity jurisdiction, but damages do not come near much less exceed $75,000.

---

[1] At summary judgment, it became clear that title to the donated car was not even in Plaintiff's name. (*See* Dkt. 76 at 3 n.5.)

1  (Dkt. 28 at 25.)  Defendant now contends that this Court has subject matter jurisdiction
2  because the amount in controversy requirement is satisfied by (1) the cost to Defendant to
3  comply with the injunction Plaintiff seeks and (2) attorney fees Plaintiff may seek if he
4  prevails.  (Dkts. 103–104.)  The Court is not persuaded.

6       When a plaintiff seeks injunctive relief, the amount in controversy includes "the
7  cost of complying with an injunction."  *Gonzales v. CarMax Auto Superstores, LLC*, 840
8  F.3d 644, 649 (9th Cir. 2016).  The Ninth Circuit uses the "either viewpoint" rule, under
9  which "the test for determining the amount in controversy is the pecuniary result to either
10 party which the judgment would directly produce."  *In re Ford Motor Co./Citibank*
11 *(S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).  The amount in controversy may
12 therefore be met even when the value of a plaintiff's potential recovery "is below the
13 jurisdictional amount" if "the potential cost to the defendant of complying with the
14 injunction exceeds that amount."  *Id.*

16      In his Complaint, Plaintiff seeks "a permanent injunction enjoining Defendants . . .
17 from engaging in unfair competition as defined in Business and Professions Code
18 § 17200, including, but not limited to, those acts and omissions alleged in this
19 Complaint."  (Compl. at 18.)  In other words, Plaintiff seeks an order that Defendant stop
20 violating the law, that is, stop airing the allegedly illegal advertisements.  The cost of
21 complying with such an injunction is certainly well below $75,000.

23      Defendant's contention that the amount in controversy should include losses
24 associated with performing on existing contracts to pay entities airing the current
25 advertisement and the costs of creating a new advertisement goes too far.  These are not
26 "cost[s] of complying with [the] injunction" or costs the injunction would "directly
27 produce."  *Gonzales*, 840 F.3d at 649; *Ford Motor Co./Citibank*, 264 F.3d at 958.  All the
28 injunction Plaintiff seeks would require is that Defendant stop airing its allegedly illegal

advertisements. Defendant's choice to make new advertisements is a business decision, not a matter of complying with the injunction. As for any contractual losses, Defendant would have been required to pay costs associated with the identified contracts regardless of whether the injunction issued or not, so the Court is hard pressed to see how they can be construed as costs of complying with the injunction or costs directly produced by it. *See Martin v. Container Store, Inc.*, 601 F. Supp. 3d 614, 617 (C.D. Cal. 2022) ("But Defendant has simply proved that it *already* has an ADA-compliance budget that exceeds $75,000 annually. That budget is tied not to this case, but to Defendant's general obligation to comply with the ADA. Defendant does nothing to explain or prove the amount it would have to pay to Usablenet or some other vendor, in excess of what it already pays, in order to comply with an injunction in this case.").

Defendant's argument that attorney fees satisfy the amount in controversy fares no better. If Plaintiff's Complaint, which seeks "costs of suit," can fairly be interpreted to seek attorney fees—a matter the Court considers a stretch—such fees are not part of the amount in controversy here. As Defendant notes, neither the UCL nor the FAL provide for attorney fees, so Plaintiff may only seek fees under California Code of Civil Procedure Section 1021.5. Under that section, courts have discretion to award a prevailing party fees "in any action which has resulted in the enforcement of an important right affecting the public interest if," among other factors, "a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons." Cal. Civ. Proc. Code § 1021.5. But courts do not include attorney fees in the amount in controversy when those fees are not sought pursuant to a contractual provision or some mandatory statutory imperative, including when a plaintiff may seek fees under Section 1021.5. *Licea v. Caraway Home Inc.*, 655 F. Supp. 3d 954, 967 (C.D. Cal. 2023) (citing *Wood v. Charter Commc'ns LLC*, 2020 WL 1330640, at *2 (C.D. Cal. Mar. 21, 2020)).

Importantly, to determine that the Court has subject matter jurisdiction over this case would be "fundamentally violative of the principle underlying the jurisdictional amount requirement—to keep small diversity suits out of federal court." *Ford Motor Co./Citibank*, 264 F.3d at 961. This case concerns Plaintiff's displeasure that he donated a twenty-year old car, the title to which was not in his name, to a charity whose advertisements led him to believe the beneficiaries were types of children it turned out they were not. The only reason Defendant has any basis to argue there is more than $75,000 in controversy is because it is a large entity with long-term, high-dollar advertising contracts in place that would spend large amounts of money to create new advertisements. If the Court accepted Defendant's argument that it has jurisdiction, "then every case, however trivial, against a large company would cross the [jurisdictional] threshold." *Id.* That is not consistent with the principle that "[n]othing is to be more jealously guarded by a court than its jurisdiction." *United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003).

Because the Court lacks subject matter jurisdiction, this case is **REMANDED** to Orange County Superior Court.

DATED: January 31, 2024

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE